**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, v. EFRAIN HUITRON-ROCHA, *Defendant-Appellant*. | No. 13-50306 D.C. No. 3:13-cr-00621-BEN-1 OPINION |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted
October 8, 2014—Pasadena, California

Filed November 7, 2014

Before: David M. Ebel,[*] Andrew J. Kleinfeld,
and Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

---

[*] The Honorable David M. Ebel, Senior Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a sentence for reentry after removal and without permission, in violation of 8 U.S.C. § 1326, in a case in which the district court, applying the modified categorical approach, concluded that the defendant's prior conviction for possession and transportation of cocaine for sale, in violation of California Health and Safety Code section 11352(a), was for a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A).

The panel held that because there is no meaningful distinction, for purposes of divisibility, between section 11352(a) and the California drug laws at issue in *Coronado v. Holder*, 759 F.3d 977 (9th Cir. 2014) (§ 11377(a)), and *United States v. De La Torre-Jimenez*, No. 13-50438 (9th Cir. Nov. 7, 2014) (§ 11351), section 11352(a) is divisible and the modified categorical approach applies. The panel rejected the defendant's argument that *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014), is to the contrary.

### COUNSEL

Erick L. Guzman, Law Office of Erick L. Guzman, Santa Rosa, California, for Defendant-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Alex W. Markle (argued), Special Assistant United States Attorney, Bruce R. Castetter, Assistant United States Attorney, Chief, Appellate Section, Criminal Division, and Laura E. Duffy, United States Attorney, San Diego, California, for Plaintiff-Appellee.

**OPINION**

GRABER, Circuit Judge:

Defendant Efrain Huitron-Rocha appeals his 41-month sentence following a guilty plea to one count of reentering the United States after removal and without permission, in violation of 8 U.S.C. § 1326(a). Applying the modified categorical approach, the district court concluded that Defendant's prior conviction for possession and transportation of cocaine for sale, in violation of California Health and Safety Code section 11352(a), was for a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A). On appeal, Defendant argues for the first time that the district court erred by using the modified categorical approach because section 11352(a) is not a "divisible" statute within the meaning of *Descamps v. United States*, 133 S. Ct. 2276 (2013). Whether we review de novo or for plain error, we conclude that no error occurred. California Health and Safety Code section 11352(a) is "divisible," and the modified categorical approach applies. Accordingly, we affirm.[1]

---

[1] The government argues, in the alternative, that Defendant waived his right to appeal. We assume, without deciding, that the appeal waiver is not valid. *See United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc) (holding that an appeal waiver does not affect our jurisdiction to hear an appeal).

In *Coronado v. Holder*, 759 F.3d 977, 983–85 & n.4 (9th Cir. 2014), we held that California Health and Safety Code section 11377(a) is divisible within the meaning of *Descamps*, because the statute contains a "listing of alternative controlled substances" and because California law confirms that the controlled substance is an essential element of the crime. In an opinion filed concurrently with this one, we hold that, because California Health and Safety Code section 11351 is materially indistinguishable from section 11377(a), *Coronado* controls and the modified categorical approach applies. *United States v. De La Torre-Jimenez*, No. 13-50438 (9th Cir. Nov. 7, 2014). There, we also reject the defendant's argument that our decision in *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014), is to the contrary. *De La Torre-Jimenez*, slip op. at 7–9.

The same reasoning applies with equal force to the statute at issue here: California Health and Safety Code section 11352(a). Like sections 11351 and 11377(a), section 11352(a) covers a list of controlled substances[2] and is governed by the same general California law applicable to sections 11351 and 11377(a). Because there is no meaningful

---

[2] California Health and Safety Code section 11352(a) covers

> (1) any controlled substance specified in subdivision (b), (c), or (e), or paragraph (1) of subdivision (f) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug . . . .

*See also De La Torre-Jimenez*, slip op. at 7 n.1 (listing the substances covered by sections 11351 and 11377(a)).

distinction, for purposes of divisibility, between section 11352(a) and the California drug laws at issue in *Coronado* and *De La Torre-Jimenez*, we hold that section 11352(a) is divisible and that the modified categorical approach applies. Defendant does not challenge the way in which the district court analyzed the modified categorical approach, if the statute is, as we hold, divisible.

**AFFIRMED.**