**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50501 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-2135-LAB |
| v. | MEMORANDUM[*] |
| JOSE DOMINGUEZ-GARCIA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry Burns, District Judge, Presiding

Argued and Submitted November 20, 2014
Pasadena, California

Before:    SCHROEDER and NGUYEN, Circuit Judges, and ZOUHARY,[**]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Jack Zouhary, United States District Judge, Northern District of Ohio, sitting by designation.

Defendant-Appellant Jose Dominguez-Garcia appeals his conviction for illegal reentry in violation of 8 U.S.C. § 1326. Dominguez-Garcia was previously removed after a conviction for possessing methamphetamine for sale. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and now affirm.

1.      The district court did not err when it denied Dominguez-Garcia's motion to dismiss the indictment. Our case law establishes that California Health & Safety Code § 11378 and similarly structured statutes are "divisible" within the meaning of *Descamps v. United States*, ___U.S.___, 133 S. Ct. 2276 (2013), and therefore subject to the modified categorical approach. *See Padilla-Martinez v. Holder*, ___F.3d___, 2014 WL 5421219, at *2 n.1 (9th Cir. Oct. 27, 2014) (concluding Calif. Health & Safety Code § 11358 is divisible); *see also United States v. Torre-Jiminez*, ___F.3d___, No. 13-50438 (Slip Opinion) (9th Cir. Nov. 7, 2014) (holding Calif. Health & Safety Code § 11351 is divisible); *United States v. Huitron-Rocha*, ___F.3d___, No. 13-50306 (Slip Opinion) (9th Cir. Nov. 7, 2014) (holding Calif. Health & Safety Code § 13352(a) is divisible); *Coronado v. Holder*, 759 F.3d 977 (9th Cir. 2014) (holding Calif. Health & Safety Code § 11377(a) is divisible).

2.      The complaint and abstract of judgment from the court of conviction were sufficient for the district court to conclude Dominguez-Garcia's prior conviction was an aggravated felony. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 687–88

(9th Cir. 2012). Dominguez-Garcia's abstract of judgment indicates he pled guilty to count 2 of the complaint. "Where, as here, the abstract of judgment unambiguously specifies that Defendant pleaded guilty to a specific count, we look to the facts alleged in that count in the charging document." *Torre-Jiminez*, No. 13-150306, 2014 WL 578675, at *5 (9th Cir. Nov. 7, 2014).

**AFFIRMED.**