**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HORTENCIA TOBIAS DE MOTA, | No. 12-73585 |
| Petitioner, | Agency No. A024-123-049 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2015[**]
San Francisco, California

Before:  GRABER and WARDLAW, Circuit Judges, and MARQUEZ,[***] District
Judge.

Petitioner Hortencia Tobias De Mota, a native and citizen of Mexico, seeks

review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  Fed. R. App. P. 34(a)(2).

[***]   The Honorable Rosemary  Marquez, United States District Judge for
the District of Arizona, sitting by designation.

the immigration judge's order denying her motion to terminate removal proceedings. The BIA held that Petitioner was removable because she was convicted of an "aggravated felony" after admission, 8 U.S.C. § 1227(a)(2)(A)(iii). The term "aggravated felony" encompasses drug trafficking crimes. Id. § 1101(a)(43)(B). Applying the modified categorical approach, the BIA held that Petitioner's state conviction for possessing valium for sale, in violation of California Health and Safety Code section 11375(b) (2000), qualifies as a drug trafficking crime. Petitioner argues that section 11375(b) is not "divisible" within the meaning of Descamps v. United States, 133 S. Ct. 2276 (2013), and, in the alternative, that the judicially noticeable documents do not prove that she was convicted of possessing valium as opposed to another controlled substance. Reviewing de novo those legal questions, Coronado v. Holder, 759 F.3d 977, 982 (9th Cir. 2014), cert. denied, 135 S. Ct. 1492 (2015), we deny the petition.[1]

California Health and Safety Code section 11375(b) is divisible. We previously have held that similar California criminal drug statutes are "divisible" within the meaning of Descamps. See United States v. Huitron-Rocha, 771 F.3d

---

[1] We reject the government's argument that Petitioner failed to exhaust her administrative remedies. 8 U.S.C. § 1252(d)(1). As she did before the BIA, Petitioner raises the issue whether her state conviction renders her removable under 8 U.S.C. § 1227(a)(2)(A)(iii). Accordingly, we have jurisdiction. Garcia v. Lynch, 786 F.3d 789, 792–93 (9th Cir. 2015) (per curiam).

1183, 1184 (9th Cir. 2014) (Cal. Health & Safety Code § 11352(a)), cert. denied, 136 S. Ct. 194 (2015); United States v. Torre-Jimenez, 771 F.3d 1163, 1169 (9th Cir. 2014) (Cal. Health & Safety Code § 11351); Coronado, 759 F.3d at 984–85, 985 n.4 (Cal. Health & Safety Code § 11377(a)); Ruiz-Vidal v. Lynch, 803 F.3d 1049, 1052 (9th Cir. 2015) (same). Like sections 11351, 11352(a), and 11377(a), section 11375(b) covers a list of controlled substances[2] and is governed by the same general California law applicable to the other sections. Huitron-Rocha, 771 F.3d at 1184. Because there is no meaningful difference, for purposes of divisibility, between section 11375(b) and the California drug laws at issue in Huitron-Rocha, Torre-Jimenez, and Coronado, we hold that section 11375(b) is divisible and that the modified categorical approach applies. Huitron-Rocha, 771 F.3d at 1184.

Contrary to Petitioner's argument, the judicially noticeable documents unambiguously establish that Petitioner's conviction was for possessing valium. Count 2 of the criminal complaint alleged that Petitioner "did willfully and unlawfully possess for sale a designated controlled substance, to wit: valium." "Where the minute order or other equally reliable document specifies that a

---

[2] California Health and Safety Code section 11375(b) covers eighteen substances enumerated in section 11375(c)(1)–(18).

3

defendant pleaded guilty to a particular count of a criminal complaint, the court may consider the facts alleged in the complaint." Coronado, 759 F.3d at 986. A "certified electronic docket" is an "equally reliable" document. Id. at 985. Here, the certified electronic docket submitted by the government states that Petitioner "entered a plea of guilty to Count 2." Accordingly, the BIA properly concluded that Petitioner's crime was for possessing valium.

Petitioner also argues—relying on a statement in United States v. Vidal, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc)—that we may look to the facts in the complaint only if the docket sheet expressly stated that Petitioner pleaded guilty "as charged in the complaint." We recently rejected the same argument. See Torre-Jimenez, 771 F.3d at 1169 ("[O]ur precedent squarely forecloses the argument that one isolated sentence in Vidal controls; the phrase 'as charged in the Information (or Indictment)' is not required where the documents are unambiguous.").

**Petition DENIED.**