**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee*,

v.

MIGUEL DE LA TORRE-JIMENEZ, aka
Miguel de la Torre, aka Miguel
Delatorre, aka Miguel Angel
Jimenez,
           *Defendant-Appellant*.

No. 13-50438

D.C. No.
2:12-cr-00828-
GHK-1

OPINION

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted
October 8, 2014—Pasadena, California

Filed November 7, 2014

Before: David M. Ebel,[*] Andrew J. Kleinfeld,
and Susan P. Graber, Circuit Judges.

Opinion by Judge Graber

---

 [*] The Honorable David M. Ebel, Senior Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a sentence for being a deported alien found in the United States after removal, in violation of 18 U.S.C. § 1326, in a case in which the district court, applying the modified categorical approach, concluded that the defendant's prior conviction for possession of cocaine for sale, in violation of California Health and Safety Code section 11351, was for a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A).

Applying *Coronado v. Holder*, 759 F.3d 977 (9th Cir. 2014) (holding that California Health and Safety Code section 11377(a) is divisible), the panel held that section 11351 is divisible within the meaning of *Descamps v. United States*, 133 S. Ct. 2276 (2013), with respect to the type of controlled substance, such that the modified categorical approach may be applied. The panel also held that there is no irreconcilable conflict, in result or methodology, between *Coronado* and *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014), which considered the divisibility of a burglary statute with respect to an intent element.

The panel held that the district court properly concluded under the modified categorical approach that the defendant had been convicted of a "drug trafficking offense" under § 2L1.2(b)(1)(A), where the criminal complaint specified in Count 1 that the defendant possessed or purchased cocaine,

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

and the abstract of judgment stated that the defendant pleaded guilty to Count 1.

## COUNSEL

James H. Locklin (argued), Deputy Federal Public Defender, and Sean K. Kennedy, Federal Public Defender, Los Angeles, California, for Defendant-Appellant.

L. Ashley Aull (argued) and Robert E. Dugdale, Chief, Criminal Division, Assistant United States Attorneys, and André Birotte, Jr., United States Attorney, Los Angeles, California, for Plaintiff-Appellee.

## OPINION

GRABER, Circuit Judge:

Defendant Miguel de la Torre-Jimenez appeals his 18-month sentence following a guilty plea to one count of being a deported alien found in the United States after removal, in violation of 8 U.S.C. § 1326. Applying the modified categorical approach, the district court concluded that Defendant's prior conviction for possession of cocaine for sale, in violation of California Health and Safety Code section 11351, was for a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A). Defendant objected, arguing that (1) the court could not use the modified categorical approach because section 11351 is not "divisible" within the meaning of *Descamps v. United States*, 133 S. Ct. 2276 (2013), and (2) even if that approach is permissible, the documents presented by the government did not demonstrate that his

prior conviction was for a "drug trafficking offense." Reviewing de novo, *United States v. Gomez-Leon*, 545 F.3d 777, 782 (9th Cir. 2008), we reject both arguments. Because the district court correctly applied the 16-level sentencing enhancement, we affirm.

DISCUSSION

Sentencing Guideline § 2L1.2(b)(1)(A) directs the sentencing court to increase the offense level by 16 if the defendant was removed after "a conviction for a felony that is (I) a drug trafficking offense for which the sentence imposed exceeded 13 months." Here, there is no dispute that Defendant was removed after he was convicted of a felony for which the sentence imposed exceeded 13 months. The only question is whether the prior conviction qualifies as a "drug trafficking offense." "We apply the categorical and modified categorical approaches described in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether a defendant's prior conviction satisfies U.S.S.G. § 2L1.2(b)(1)(A)." *United States v. Leal-Vega*, 680 F.3d 1160, 1163 (9th Cir. 2012).

In applying the categorical approach, we must "compare the statutory definition of the underlying offense to the Guidelines definition of a 'drug trafficking offense.'" *Gomez-Leon*, 545 F.3d at 783. California Health and Safety Code "[s]ection 11351 is categorically broader than the Guidelines definition of 'drug trafficking offense' because it criminalizes possession or purchase of certain substances that are not covered by the CSA [Federal Controlled Substances Act]." *Leal-Vega*, 680 F.3d at 1167.

The next step is to apply the modified categorical approach in order to determine whether Defendant's conviction involved a controlled substance covered by the CSA. *Id.* at 1167–68. Applying the modified categorical approach, the district court ruled that Defendant's conviction involved cocaine. Because cocaine is a controlled substance under the CSA, 21 U.S.C. § 812(c) sched. II(a)(4), the district court concluded that Defendant was convicted of a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A).

Defendant argues that the district court erred by applying the modified categorical approach, because the California statute is not "divisible" within the meaning of *Descamps*. In the alternative, he asserts that, even if the modified categorical approach applies, the records submitted by the government are insufficient to demonstrate that his conviction was for possession of cocaine. We address those arguments in turn.

A. *Divisibility of California Health and Safety Code Section 11351*

In *Descamps*, 133 S. Ct. at 2281, the Supreme Court held that the modified categorical approach may be used for a "'divisible statute'"—one that "sets out one or more elements of the offense in the alternative." But the modified categorical approach does not apply to "an 'indivisible statute'"—*i.e.*, one not containing alternative elements." *Id.* Defendant argues that California Health and Safety Code section 11351 is not divisible.

We do not write on a clean slate. In *Coronado v. Holder*, 759 F.3d 977, 983–85 (9th Cir. 2014), we considered a similar California drug law, California Health and Safety Code section 11377(a). That statute provides that "every person who possesses any controlled substance [in various statutory lists]" has committed a crime. Cal. Health & Safety Code § 11377(a). We held that, because the statute contains a "listing of alternative controlled substances," the statute was divisible within the meaning of *Descamps*. *Coronado*, 759 F.3d at 985. In reaching that conclusion, we looked to California law in rejecting the petitioner's argument that "'the precise controlled substance possessed is not an essential element' of § 11377(a)." *Id.* at 985 n.4. Accordingly, we applied the modified categorical approach. *Id.* at 985–86.

On the question of divisibility with respect to the type of controlled substance, there is no meaningful distinction between sections 11377(a) and 11351 of the California Health and Safety Code. Identically to section 11377(a), section 11351 contains a "listing of alternative controlled substances." *Coronado*, 759 F.3d at 985; *see also Ragasa v. Holder*, 752 F.3d 1173, 1176 (9th Cir. 2014) (holding that a Hawaii drug law was divisible because the statute lists various controlled substances). Looking to California law, we find no meaningful distinction between the two sections on the question whether the controlled substance is an essential element.

The two sections criminalize different drug-related behavior (simple possession versus possession for sale or purchase for purposes of sale) and cover different statutory

lists of controlled substances.[1]     But Defendant has offered—and we have discovered—no reason, under California law or otherwise, why those facts or any other difference between the statutes is relevant to the question of divisibility concerning the type of controlled substance. In sum, *Coronado* controls. We are bound to conclude that, like section 11377(a), section 11351 of the California Health and Safety Code is divisible within the meaning of *Descamps*.

Defendant directs us to examine our recent decision in *Rendon v. Holder*, 764 F.3d 1077, 1081 (9th Cir. 2014), in which we held that the California burglary statute is not divisible with respect to an intent element. Were we to look to California law in the way *Rendon* instructs, he contends,

---

[1] California Health and Safety Code section 11377(a) covers any substance

> (1) classified in Schedule III, IV, or V, and which is not a narcotic drug, (2) specified in subdivision (d) of Section 11054, except paragraphs (13), (14), (15), and (20) of subdivision (d), (3) specified in paragraph (11) of subdivision (c) of Section 11056, (4) specified in paragraph (2) or (3) of subdivision (f) of Section 11054, or (5) specified in subdivision (d), (e), or (f) of Section 11055 . . . .

Section 11351 covers

> (1) any controlled substance specified in subdivision (b), (c), or (e) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug . . . .

we would conclude that California drug crimes are not divisible.  We are unpersuaded.

As a three-judge panel, we are bound by *Coronado*. *Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc).  We cannot disregard binding precedent, as Defendant asks us to do.  Because *Coronado* controls, we must follow it.

Moreover, if we thought that two controlling cases were in irreconcilable conflict, we could not simply pick one to follow—we would be required to call this case en banc.  *See Atonio v. Wards Cove Packing Co.*, 810 F.2d 1477, 1478–79 (9th Cir. 1987) (en banc) (holding that "the appropriate mechanism for resolving an irreconcilable conflict is an en banc decision.  A panel faced with such a conflict must call for en banc review").  But no irreconcilable conflict exists.

There certainly is no conflict in result:  *Coronado* (like our case) pertains to the divisibility of a drug statute with respect to a list of controlled substances, whereas *Rendon* considered the divisibility of a burglary statute with respect to an intent element.  Defendant recognizes that distinction, arguing instead that the method of analysis described in *Rendon* is inconsistent with the method used in *Coronado*. But, in *Rendon*, we expressly considered *Coronado*'s method of determining divisibility and held that, because *Coronado* looked to California law, its approach was "*consistent* with our approach" in *Rendon*, 764 F.3d at 1087 n.11 (emphasis added).  Accordingly, there appears to be no conflict in methodology, either.

Indeed, we recently applied the *Rendon* methodology to yet another California drug-related statute, California Health and Safety Code section 11378.  *Padilla-Martinez v. Holder*,

No. 11-72570, 2014 WL 5421219 (9th Cir. Oct. 27, 2014). As in *Coronado*, we held that the statute is divisible. *Id.* at \*4 n.3. And as in *Coronado*, the statute is divisible because it is drafted in the disjunctive (listing several controlled substances), and "California state law treats the type of controlled substance as a separate element" with respect to drug offenses. *Id.*

Viewed properly, then, the essence of Defendant's argument is simply that *Coronado* applied the methodology incorrectly or incorrectly assessed the content of California law. In other words, Defendant argues that *Coronado* was wrongly decided. As noted above, we cannot overrule *Coronado*. *Miller*, 335 F.3d at 899–900.

In conclusion, *Coronado* examined California law and held that a California drug law that covers a list of controlled substances is divisible. The California drug law at issue here also covers a list of controlled substances, and no meaningful distinction exists between the two statutes. Because there is no irreconcilable conflict between *Coronado* and any other case, we must follow *Coronado*. Accordingly, California Health and Safety Code section 11351 is divisible with respect to the type of controlled substance. We turn, then, to the modified categorical approach.

B. *Modified Categorical Approach*

"The modified categorical approach allows us to look beyond the statute of conviction to determine whether the facts proven at trial or admitted by the defendant as part of his guilty plea establish that the defendant was convicted of all the elements of the relevant federal generic offense." *Sanchez-Avalos v. Holder*, 693 F.3d 1011, 1014–15 (9th Cir.

2012).  Here, the government presented three documents:  a criminal complaint, an abstract of judgment, and a docket sheet.  Those sources are appropriate for our review under the modified categorical approach.  *See Shepard v. United States*, 544 U.S. 13, 26 (2005) (charging document); *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2011) (abstract of judgment); *Coronado*, 759 F.3d at 986 (docket sheet).

The criminal complaint alleges in "COUNT 1" that Defendant "did unlawfully possess for sale and purchase for sale a controlled substance, to wit, cocaine" in violation of "HEALTH & SAFETY CODE SECTION 11351."   The abstract of judgment states that "Defendant was convicted of the commission of the following felony," followed by a chart listing Count "1," Code "HS," section "11351," crime "POSS NARCOTIC CONTROLLED SUBST FOR SALE" by "plea."   The criminal docket sheet states that Defendant pleaded guilty to "Count 01."

The criminal complaint specifies in Count 1 that Defendant possessed or purchased cocaine, and the abstract of judgment states that Defendant pleaded guilty to Count 1. "Where the minute order or other equally reliable document specifies that a defendant pleaded guilty to a particular count of a criminal complaint, the court may consider the facts alleged in the complaint."  *Coronado*, 759 F.3d at 986; *accord Cabantac v. Holder*, 736 F.3d 787, 793–94 (9th Cir. 2013) (per curiam) ("[W]here, as here, the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count."); *see also United States v. Valdavinos-Torres*, 704 F.3d 679, 687–88 (9th Cir. 2012) (looking to the facts alleged in the

charging document where the change of plea form stated that the defendant pleaded guilty to a specific count), *cert. denied*, 134 S. Ct. 1873 (2014); *Leal-Vega*, 680 F.3d at 1168 (same, where the minute order, abstract of judgment, and plea form stated that the defendant pleaded guilty to a specific count); *United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008) (per curiam) (en banc) (same, where the minute order stated that the defendant pleaded guilty to a specific count). Accordingly, the record clearly shows that Defendant's conviction under California Health and Safety Code section 11351 related to the specific controlled substance of cocaine.

Defendant does not challenge that reasoning. Instead, he quotes one sentence from our decision in *United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc), and argues that the five cases cited above are irreconcilable with *Vidal*. Defendant is mistaken.

In *Vidal*, we held: "In order to identify a conviction as the generic offense through the modified categorical approach, when the record of conviction comprises only the indictment and the judgment, the judgment must contain the critical phrase 'as charged in the Information.'" *Id.* (some internal quotation marks omitted). Taken in isolation, that sentence appears to conflict with our later cases, which have not required the "critical phrase" noted in *Vidal*. But we repeatedly have explained why that one sentence in *Vidal* must not be viewed in isolation.

In *Valdavinos-Torres*, 704 F.3d at 688, we held that, because the documents in *Vidal* raised doubt about the actual crime to which the defendant had pleaded guilty, requiring the "critical phrase" made sense. But where, as in *Valdavinos-Torres*, nothing raises doubt about the crime, the

"critical phrase" is not required.  *Id.*  We recognized this same distinction also in *Leal-Vega*, 680 F.3d at 1168:  "No evidence in the record suggests that any modifications were made to the felony complaint in terms of the substance involved.  Thus, no ambiguity exists and no further clarifying language was necessary."[2]  Most recently, in *Medina-Lara v. Holder*, No. 13-70491, 2014 WL 5072684, at \*4 (9th Cir. Oct. 10, 2014), we reiterated that the "critical phrase" is not required when the record is clear.  Because the documents were ambiguous in that case—for example, "[t]he abstract states Medina pleaded to count '3A,' not count '3' as it is denominated in the complaint"—we held that the record was insufficient.  *Id.* at \*5.

Where, as here, the abstract of judgment unambiguously specifies that Defendant pleaded guilty to a specific count, we look to the facts alleged in that count in the charging document.  We recognize that some think that a different rule should apply.  *Cabantac*, 736 F.3d at 789 (order) (Murguia, J., dissenting from the denial of rehearing en banc).  Unless and until our cases are overruled by an intervening Supreme Court or en banc decision, though, we are bound by that rule. *Miller*, 335 F.3d at 899–900.  Litigants may, of course, preserve the argument for en banc or Supreme Court review.  Or litigants may argue that an ambiguity exists in the particular documents at hand.  But our precedent squarely forecloses the argument that one isolated sentence in *Vidal* controls; the phrase "as charged in the Information (or

---

[2] The fact that the two situations are different may explain why, in *Snellenberger*, we did not see the need to mention *Vidal*.  Nonetheless, to the extent that they conflict, the later en banc decision controls.  *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 872 n.2 (9th Cir. 2008).

Indictment)" is not required where the documents are unambiguous.

## CONCLUSION

California Health and Safety Code section 11351 is "divisible" within the meaning of *Descamps*, 133 S. Ct. 2276. Because the criminal complaint specified that Count 1 involved cocaine and the abstract of judgment specified that Defendant pleaded to Count 1, the district court correctly concluded that Defendant had been convicted of a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A).

**AFFIRMED.**