**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

NOV 07 2014

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50569 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01983-JAH-1 |
| v. | |
| ROBERTO VARELAS-GARCIA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted October 8, 2014
Pasadena, California

Before: EBEL,[**] KLEINFELD, and GRABER, Circuit Judges.

Defendant Roberto Varelas-Garcia appeals his 51-month sentence following a guilty plea to one count of being a deported alien found in the United States after removal, in violation of 8 U.S.C. § 1326. For the reasons that follow, we vacate the sentence and remand for resentencing on an open record.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David M. Ebel, Senior Circuit Judge for the United States Court of Appeals for the Tenth Circuit, sitting by designation.

1. California Health and Safety Code section 11351 is "divisible" within the meaning of Descamps v. United States, 133 S. Ct. 2276 (2013). United States v. De La Torre-Jimenez, No. 13-50438 (9th Cir. Nov. 7, 2014). Accordingly, the modified categorical approach applies.

2. The district court plainly erred by failing to conduct an independent modified categorical approach, as described in United States v. Castillo-Marin, 684 F.3d 914 (9th Cir. 2012). What we wrote in that case applies equally here: "We can understand the frustration of district judges who sentence a defendant on a record to which no objection was made only to have to later revisit the matter because the government failed to do its job. Relying solely on the factual description in the PSR, however, was plain error." Id. at 921 (internal quotation marks omitted).

3. As in Castillo-Marin, 684 F.3d at 927, we remand on an open record. We are not persuaded to depart from our "general rule" that we remand on an open record. United States v. Espinoza-Morales, 621 F.3d 1141, 1152 (9th Cir. 2010).

**Sentence VACATED; case REMANDED for resentencing on an open record.**