**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10552 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-00440-CRB-1 |
| v. | |
| CARLOS FRANCO VEGA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted November 19, 2014
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit
Judges.

Carlos Franco Vega appeals: (1) the district court's order denying his motion

to dismiss a charge of illegal reentry after deportation in violation of 8 U.S.C.

§ 1326; (2) the district court's conclusion that his prior drug conviction triggered a

16-level sentence enhancement; and (3) the district court's denial of his request for

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

a sentence reduction for acceptance of responsibility. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's order.[1]

**1.** "We review *de novo* the district court's denial of a motion to dismiss an indictment under 8 U.S.C. § 1326 when the motion is based on an alleged deprivation of due process in the underlying removal proceedings[.]" *United States v. Hernandez-Arias*, 757 F.3d 874, 879 (9th Cir. 2014) (internal quotation marks omitted). The district court did not err by denying Vega's motion to dismiss his illegal reentry indictment. Vega concedes in his reply brief that *Coronado v. Holder*, 759 F.3d 977 (9th Cir. 2014), forecloses his argument that he was not removable as charged. *See United States v. Torre-Jimenez*, 771 F.3d 1163, 1167 (9th Cir. 2014).

Vega's alternative argument challenging his conviction for unlawful reentry is that the government failed to meet its burden of proof. Vega's suggestion that immigration officials would have terminated his expedited immigration proceedings, rather than gather documentation establishing the nature of his underlying conviction, is speculative. *See United States v. Bustos-Ochoa*, 704 F.3d 1053, 1056–57 (9th Cir. 2012).

---

[1] The parties are familiar with the facts, so we do not recount them here.

**2.** "We generally review arguments not raised before the district court for plain error," *United States v. Saavedra-Velazquez*, 578 F.3d 1103, 1106 (9th Cir. 2009), and Vega concedes that he did not object to the application of the 16-level enhancement in the district court. The district court did not err by determining that Vega's § 11351 conviction qualifies as a drug trafficking offense supporting a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). Vega concedes that his argument to the contrary depended on his contention that § 11351 was indivisible. *Torre-Jimenez* foreclosed that argument. 771 F.3d at 1167.

**3.** Whether a defendant accepted responsibility is a factual determination reviewed for clear error. *United States v. Rosas*, 615 F.3d 1058, 1066 (9th Cir. 2010). The district court did not impermissibly apply a per se bar to downward adjustment based on Vega's assertion of his right to a jury trial. *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1270 (9th Cir. 2013). Vega argued he was not guilty because the government failed to prove the elements of the crime. The court reasoned that "[Vega] argued he was not guilty. And [Vega] argued that a juror should find – one or more should find him not guilty. And that to me is inconsistent with acceptance of responsibility . . . ." Indeed, in his closing argument, defense counsel argued that the jury "should have reasonable doubt if [Vega] was physically removed and then returned" to the United States. Defense

counsel also argued the government "brought [the jury] no evidence of . . . the actus reus of this case. . . . The thing they allege he did, they brought you nothing about that." Unlike cases where a defendant proceeds to trial to contest jurisdiction, *see, e.g.*, *United States v. Cortes*, 299 F.3d 1030 (9th Cir. 2002) (contesting jurisdiction), here the district court properly determined that Vega sought acquittal on the merits. Under these circumstances, the district court did not err by ruling that Vega's defense was inconsistent with acceptance of responsibility.

**AFFIRMED.**