**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 13-50512 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01573-LAB-1 |
| v. | |
| **ROBERTO LOPEZ-GUTIERREZ,** | **MEMORANDUM**[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 6, 2015[**]
Pasadena, California

Before: **KOZINSKI**, **WARDLAW** and **W. FLETCHER**, Circuit Judges.

We use the modified categorical approach to determine the controlled

substance that served as the basis for a defendant's conviction under California

Health & Safety Code § 11351. United States v. Torre-Jimenez, 771 F.3d 1163,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

1167 (9th Cir. 2014).  It is clear from the complaint and plea colloquy that Lopez-Gutierrez's conviction was for possession for sale of heroin, a drug listed in the Controlled Substances Act.  <u>See</u> 21 U.S.C. § 812(c), sched. I(b)(10).  Therefore, Lopez-Gutierrez's underlying deportation was valid and his conviction for illegal reentry must be upheld.

**AFFIRMED**.