**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORENZO SANCHEZ-NINO, | No. 13-71814 |
| Petitioner, | Agency No. A090-090-672 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before:      CANBY, BEA, and MURGUIA, Circuit Judges.

Lorenzo Sanchez-Nino, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his motion to terminate proceedings and

finding him removable.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

de novo questions of law. *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). We deny in part and grant in part, and remand.

Sanchez-Nino's contention that California Health & Safety Code § 11378 is indivisible and categorically overbroad, which precludes application of the modified categorical approach, is foreclosed by our case law establishing that § 11378 and similarly structured statutes are divisible within the meaning of *Descamps v. United States*, 133 S.Ct. 2276 (2013), and therefore subject to the modified categorical approach. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 831 n.3 (9th Cir. 2014) (concluding Cal. Health & Safety Code § 11378 is divisible); *see also United States v. Torre-Jimenez*, 771 F.3d 1163, 1165-67 (9th Cir. 2014) (holding Cal. Health & Safety Code § 11351 is divisible); *Coronado v. Holder*, 759 F.3d 977 (9th Cir. 2014) (holding Cal. Health & Safety Code § 11377(a) is divisible).

Sanchez-Nino failed to establish a due process violation resulting from the BIA's consideration of his conviction under the categorical approach, where the BIA went on to consider his conviction under the modified categorical approach. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

13-71814

Under the modified categorical approach, the government has not met its burden of proving by clear and convincing evidence that Sanchez-Nino was convicted of possessing for purposes of sale methamphetamine. *See Medina-Lara*, 771 F.3d at 1113. The complaint, which charged Sanchez-Nino in count one with a felony violation of California Health & Safety Code § 11378, is the only document on which the BIA relied that specifies methamphetamine was the drug involved. The government argues that, under *Cabantac v. Holder*, 736 F.3d 787, 793-94 (9th Cir. 2013) (per curiam), we can infer the drug of conviction because the criminal court minute order refers to count one of the complaint. Because the government must clearly and convincingly establish a link between the complaint and minute order to justify reliance on the complaint, ambiguities between the two can cast doubt on that link. *See Medina-Lara*, 771 F.3d at 1114-15 (the government failed to carry its burden where the complaint included "Count 3" but the plea was to "Count 3A," because it was "plausible" that the "A" stood for "amended").

In Sanchez-Nino's case, the minute order from July 18, 2011, contains a line of written text clearly stating "DA to file amended info." Thus it is "plausible" that the District Attorney filed an amended complaint and Sanchez-Nino pled to a charge that was different from that alleged in count one of the complaint in the

record. This raises enough uncertainty between Sanchez-Nino's complaint and minute order to preclude the court from finding a clear and convincing link between the documents. *See id.*

Sanchez-Nino's contention that there is ambiguity in the conviction documents as to the conviction date is without merit.

In light of this disposition we need not reach Sanchez-Nino's remaining contentions.

We deny in part and grant in part the petition for review, and remand the matter to the BIA for disposition consistent with this memorandum.

The parties shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; AND REMANDED.**