**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50024 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00639-ABC |
| v. | |
| JOSE LUIS GUEVARA, a.k.a. Andres Fierro Cantu, a.k.a. Jose Andreas Lopez, a.k.a. Jose Lopez, a.k.a. Jose Andreas Ruiz, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Submitted October 14, 2015[**]

Before:    SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Jose Luis Guevara appeals from the district court's judgment and challenges

the 50-month custodial sentence and three-year term of supervised release imposed

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

following his guilty-plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

First, Guevara contends that the district court erred in determining that California Health & Safety Code § 11351 is divisible within the meaning of *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013), and therefore subject to the modified categorical approach. However, Guevara concedes that his argument is foreclosed by precedent, and we agree. *See United States v. Torre-Jimenez*, 771 F.3d 1163, 1167 (9th Cir. 2014) (holding that section 11351 is a divisible statute).

Second, Guevara contends that the district court procedurally erred by failing to respond to his request for a downward variance in light of his history and characteristics, by failing to respond to his policy challenge to the illegal reentry guidelines, and by relying on clearly erroneous facts. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court listened to Guevara's mitigating arguments and recognized its discretion to vary from the Guidelines on policy grounds. *See Rita v. United States*, 551 U.S. 338, 358 (2007); *United States v. Ayala-Nicanor*, 659 F.3d 744, 752-53 (9th Cir. 2011). And, contrary to

Guevara's contention, the district court did not rely on clearly erroneous facts at sentencing.

Third, Guevara contends that his sentence is substantively unreasonable in light of his cultural assimilation, the mitigating factors he presented at sentencing, and the need to avoid unwarranted sentencing disparities. Contrary to Guevara's argument, the below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Guevara's criminal record, his immigration history, and the need to avoid unwarranted sentencing disparities. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Finally, Guevara contends that his three-year term of supervised release is substantively unreasonable. The district court did not abuse its discretion in imposing the term of supervised release as an added measure of deterrence. *See* U.S.S.G. § 5D1.1 cmt. n.5; *United States v. Valdavinos-Torres*, 704 F.3d 679, 692-93 (9th Cir. 2012).

**AFFIRMED.**