**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAFAEL ALEXANDER GUTIERREZ, | No. 14-70895 |
| Petitioner, | Agency No. A094-146-792 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Rafael Alexander Gutierrez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's decision denying

his applications for asylum, withholding of removal, protection under the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture, special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012), and review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Because § 11351 of the California Health & Safety Code is divisible as to the substance involved, the agency properly employed the modified categorical approach by considering both the certificate and order of the magistrate judge and the felony complaint in Gutierrez's case. *See United States v. Torre-Jimenez*, 771 F.3d 1163, 1166-67 (9th Cir. 2014). These documents establish that Gutierrez's conviction was for possession for sale or purchase for sale of heroin under § 11351, which is a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B) that renders him ineligible for NACARA relief, asylum, and withholding of removal. *See* 21 U.S.C. § 812(c), sched. I(b)(10); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) (possession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony, and is presumed to be a particularly serious crime rendering an applicant ineligible

for withholding of removal); 8 C.F.R. § 1240.66(a) (NACARA); 8 U.S.C. § 1158(b)(2)(A)(ii) (asylum).  Unlike *Medina-Lara v. Holder*, 771 F.3d 1106, 1113-15 (9th Cir. 2014), the record of conviction is not ambiguous as to the controlled substance involved.  We do not reach Gutierrez's other contentions regarding the merits of his applications for NACARA relief, asylum, and withholding of removal in light of this disposition.

The BIA did not abuse its discretion in denying Gutierrez's motion to remand, where his appeal brief did not raise any challenge with regard to voluntary departure.  *See Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc) (explaining that issues raised in the notice of appeal but not argued in an appellant's principal brief are deemed abandoned).  Furthermore, we lack jurisdiction to consider his unexhausted contentions regarding voluntary departure in the first instance.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**