**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM ALBERTO MORALES-CORNEJO, | No. 14-71158 |
| Petitioner, | Agency No. A044-022-378 |
| v. | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

William Alberto Morales-Cornejo, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision finding him removable

and pretermitting his application for cancellation of removal.  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo questions of law. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency correctly determined that Morales-Cornejo's conviction under Cal. Health & Safety Code § 11377(a), for possession of methamphetamine, constitutes a controlled substance violation which renders him removable under 8 U.S.C. § 1227(a)(2)(B)(i). *See Coronado*, 759 F.3d at 984-86 (holding that Cal. Health & Safety Code § 11377(a) is divisible and subject to the modified categorical approach). Accordingly, the agency correctly concluded that this conviction interrupted his accrual of the continuous physical presence required for cancellation of removal. *See* 8 U.S.C. § 1229b(d)(1)(B) (continuous physical presence period ends when alien commits enumerated offense). Morales-Cornejo's argument challenging *Coronado*'s treatment of Cal. Health & Safety Code § 11377(a) is foreclosed by our decision in *United States v. Torre-Jimenez*, 771 F.3d 1163, 1165-67 (9th Cir. 2014).

Morales-Cornejo's contention that he is eligible for Federal First Offender Act ("FFOA") treatment under *Lujan-Armendariz v. INS*, 222 F.3d 728 (9th Cir. 2000), *overruled prospectively by Nunez-Reyes v. Holder*, 646 F.3d 684 (9th Cir. 2011) (en banc), is without merit because there is no indication that his conviction

has been expunged. *See Chavez-Perez v. Ashcroft*, 386 F.3d 1284, 1291-92 (9th Cir. 2004) (the FFOA exception does not apply to convicted aliens who are eligible for, but have not yet received, expungement of the conviction).

We lack jurisdiction to review Morales-Cornejo's unexhausted contention that the record of conviction does not show he was necessarily convicted of possession of methamphetamine. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**