**NOT FOR PUBLICATION**

FILED

JUL 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50092 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02304-DMS-1 |
| v. | |
| LUIS ALEJANDRO RODRIGUEZ-MUNOZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted July 8, 2016
Pasadena, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and CHEN,[**] District Judge.

Defendant Luis Rodriguez-Munoz appeals the sentence imposed by the

district court for a violation of 8 U.S.C. § 1326, to which the district court, in

calculating the appropriate range under the advisory sentencing guidelines, applied

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

a 16-level enhancement based on Rodriguez's prior conviction for a "drug trafficking offense."  We affirm.

We review *de novo* whether a prior conviction is a "drug trafficking offense" under the guidelines.  *United States v. Jennen*, 596 F.3d 594, 600 (9th Cir. 2010); *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (per curiam).

Under the guidelines, a "drug trafficking offense" is "an offense under federal, state, or local law that prohibits . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).  A conviction for such an offense that resulted in a sentence exceeding thirteen months provides the basis for a 16-level enhancement. U.S.S.G. § 2L1.2(b)(1)(A)(i).  A "controlled substance" for the purposes of the Guidelines is a substance listed in the federal Controlled Substances Act ("CSA").  *United States v. Leal-Vega*, 680 F.3d 1160, 1167 (9th Cir. 2012).

Rodriguez was previously convicted for possession or purchase for sale of a controlled substance in violation of California Health & Safety Code § 11351 and received a two-year sentence.  That statute is not a categorical match to the generic federal "drug trafficking offense."  *Leal-Vega*, 680 F.3d at 1162 (holding that section 11351 is broader than the CSA and is therefore not a categorical "drug

2

trafficking offense" under the Guidelines); *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2006) (finding no categorical fit because "California law regulates the possession and sale of numerous substances that are not similarly regulated by the CSA"). But Rodriguez concedes that section 11351 is divisible – thereby waiving any contrary argument – so the modified categorical approach may be applied. *See United States v. Torre-Jimenez*, 771 F.3d 1163, 1166-67 (9th Cir. 2014) (holding that section 11351 is divisible).

Under the modified categorical approach, enquiry is limited to the elements of the conviction and the "*Shepard*-approved" documents supporting the enhancement. *Descamps v. United States*, 133 S. Ct. 2276, 2281-82 (2013); *Shepard v. United States*, 544 U.S. 13, 26 (2005). An enhancement is inappropriate if the link between the charging documents and the defendant's plea is unclear. But that is not the case here.

The government has demonstrated that Rodriguez pled to possession of heroin for sale based on the complaint, the change-of-plea form, the plea colloquy transcript, and the docket sheet. We are not persuaded by Rodriguez's arguments that there were ambiguities in the record which required his plea to contain "as charged in" language under *United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc).

There was no ambiguity because the documents supporting the section 11351 conviction all linked Rodriguez's guilty plea to "Count 1," which specified that the substance in question was heroin, a substance on the federal list. The relevant definition of "Count 1" was provided in the complaint. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 689 (9th Cir. 2012) (holding that the documents present in the record were sufficient to make clear that the defendant pled guilty to possession of methamphetamine because they all referenced "Count 2," which was defined in the complaint). The reference in the change of plea form to dismissal of "all other counts/charges/allegations" did not alter Count 1 or its identification of heroin as the substance in question. The additional allegation in Count 1 of the complaint regarding drug quantity may have been dismissed, but not the charge that Rodriguez "did unlawfully possess for sale and purchase for sale a controlled substance, to wit, Heroin."[1]

**AFFIRMED**.

---

[1]The government's motion to supplement the record, filed August 11, 2015, is denied as moot, as the government subsequently withdrew the appeal waiver argument, and the appeal has been resolved on the merits.