NOT FOR PUBLICATION



FILED

NOV 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| MARIA DE RODRIGUEZ-ECHEVERRIA, | ) | No. 14-72295 |
| | ) | |
| | ) | Agency No. A077-983-920 |
| Petitioner, | ) | |
| | ) | MEMORANDUM* |
| v. | ) | |
| | ) | |
| LORETTA E. LYNCH, Attorney General, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2016**
Pasadena, California

Before: O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

Maria De Rodriguez-Echeverria, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) decision upholding the

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Immigration Judge's (IJ) order of removal based upon Rodriguez's engaging in alien smuggling. *See* 8 U.S.C. § 1182(a)(6)(E)(i). We deny the petition in part, grant it in part, and remand.

(1)     Rodriguez asserts that the BIA erred when it upheld the IJ's refusal to suppress Rodriguez's statement in which she essentially admitted to alien smuggling. She claims that suppression was required because the Customs and Border Protection officers who took her statement did not advise her of her rights pursuant to 8 C.F.R. § 287.3(c). We disagree. At the time Rodriguez gave her statement, she had not yet been "'placed in formal proceedings,'" because no Notice to Appear had been filed in the immigration court. *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901 (9th Cir. 2009); *see also* 8 C.F.R. §§ 287.3(c), 1239.1(a); *Matter of E-R-M-F-*, 25 I. & N. Dec. 580, 583 (B.I.A. 2011). Thus, the BIA did not err when it denied the requested relief. *See Samayoa-Martinez*, 558 F.3d at 901–02;[1] *see also Matter of E-R-M-F-*, 25 I. & N. Dec. at 583. We, therefore, deny the petition on this issue. In light of this determination, we need not, and do not, consider Rodriguez's claim that she should have been able to

---

[1] To the extent that Rodriguez suggests that we should overrule our prior decision, this panel, of course, cannot do so. *See United States v. de la Torre-Jimenez*, 771 F.3d 1163, 1167 (9th Cir. 2014); *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

withdraw her tactical concession that she was removable. Nor do we consider the claim that the IJ should not have corrected a clerical error in the BIA's remand to the IJ, even though the BIA later agreed to that correction. Neither claim would change the result.

(2) Rodriguez also asserts that the BIA erred when it determined that because tacking of the period of her father's residence after his lawful admission to her own period of residence is not permitted,[2] she could not meet the qualifications for cancellation of removal.[3] Because *Martinez Gutierrez*, __ U.S. at __, 132 S. Ct. at 2021 is retroactive to this case,[4] the BIA did not err.

(3) Finally, Rodriguez asserts that the BIA abused its discretion when it upheld the IJ's refusal of a continuance so that Rodriguez could pursue the obtaining of a U-visa. *See* 8 U.S.C. § 1101(a)(15)(U); *see also* 8 C.F.R. § 214.14(b). We agree. As the BIA pointed out, when the IJ exercised her discretion,[5] she did not apply the required tests or make the required findings on

---

[2]*See Holder v. Martinez Gutierrez*, __ U.S. __, __, 132 S. Ct. 2011, 2017–21, 182 L. Ed. 2d 922 (2012).

[3]*See* 8 U.S.C. § 1229b(a)(2).

[4]*Lemus v. Lynch*, No. 12-73654, slip op. at 4 (9th Cir. Nov. 16, 2016).

[5]*See Owino v. Holder*, 771 F.3d 527, 532 (9th Cir. 2014).

3

the request for a continuance to pursue a U-visa.[6]  Thus, the BIA's affirmance of the IJ's decision by performing its own analysis and making its own findings constituted an abuse of discretion.  *See Zumel v. Lynch*, 803 F.3d 463, 476 (9th Cir. 2015); *see also Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010).  Therefore, we remand to the BIA for further proceedings consistent with this memorandum disposition, which may well necessitate remand by it to the IJ.

Petition DENIED in part, GRANTED in part, and REMANDED.  The parties shall bear their own costs on appeal.

---

[6]*See Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 812–14 (B.I.A. 2012).