**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS CHAVEZ-CHAVEZ, AKA Jesus Chavez,<br><br>              Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>              Respondent. | No.    14-72721<br><br>Agency No. A076-357-604<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2018
San Francisco, California

Before:  D.W. NELSON, KLEINFELD, and W. FLETCHER, Circuit Judges.

Jesus Chavez-Chavez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals's ("BIA") decision upholding the Immigration

Judge's ("IJ") order of removal based on his guilty pleas to illicit trafficking in and

transportation of a controlled substance.  We review de novo questions of law.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

*Cabantac v. Holder*, 736 F.3d 787, 792 (9th Cir. 2013) (citation omitted). We have jurisdiction under 8 U.S.C. § 1252, and we **deny in part** and **dismiss in part** the petition for review.

Chavez-Chavez is removable for an offense related to a controlled substance because the abstract of judgment, read alongside the criminal complaints, establishes that his convictions under sections 11378 and 11379 of the California Health and Safety Code involved methamphetamine. *See* 8 U.S.C. § 1227(a)(2)(B)(i); *United States v. Torre-Jimenez*, 771 F.3d 1163, 1168 (9th Cir. 2014) ("Where the [abstract of judgment] specifies that a defendant pleaded guilty to a particular count of a criminal complaint, the court may consider the facts alleged in the complaint." (citation and internal quotation marks omitted)); *Cabantac*, 736 F.3d at 793–94 ("[W]here, as here, the abstract of judgment . . . specifies that a defendant pleaded guilty to a particular count of the criminal complaint . . . , we can consider the facts alleged in that count.").

Because the removability determination under 8 U.S.C. § 1227(a)(2)(B)(i) is dispositive, we need not reach Chavez-Chavez's contentions regarding removability under 8 U.S.C. § 1227(a)(2)(A)(iii).

Finally, we lack jurisdiction to review Chavez-Chavez's unexhausted contention that the abstract of judgment is wholly unreliable because it contains

2

inaccurate personal information.  *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir.

2010) (citation omitted).  We therefore dismiss that claim.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**