**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR MACIAS-GARCIA, AKA Salvador Macias Garcia, | No. 12-71087 |
| Petitioner, | Agency No. A021-621-964 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019**

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Salvador Macias-Garcia, a native and citizen of Mexico, seeks review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the

denial of a motion to reopen and review de novo questions of law. *Mohammed v.*

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

As a threshold matter, we grant Macias-Garcia's motion to file a supplemental brief (Docket Entry No. 27) and have considered the brief.

The BIA did not abuse its discretion in denying Macias-Garcia's motion to reopen based on ineffective assistance of counsel where he has not shown how his former counsel's failure to challenge removability on appeal may have affected the outcome of his proceedings. *See id.* at 793-94 (prejudice results when "the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings" (emphasis in original, internal quotation marks and citation omitted)); *see also Coronado v. Holder*, 759 F.3d 977, 984-85 (9th Cir. 2014) (holding that California Health & Safety Code § 11377(a) is divisible and subject to the modified categorical approach); *United States v. Martinez-Lopez*, 864 F.3d 1034, 1041 (9th Cir. 2017) (en banc) (on revisited analysis in light of intervening Supreme Court precedent, holding that a similar California controlled substance statute is divisible with respect to the listed substances); *United States v. Torre-Jimenez*, 771 F.3d 1163, 1169 (9th Cir. 2014) (the phrase "as charged in the Information (or Indictment)" is not necessary where the documents are unambiguous; finding that an abstract of judgment that stated defendant was convicted of count 1, and count 1 on the complaint specified the substance involved was cocaine, was sufficient to establish the substance involved);

12-71087

*Cabantac, v. Holder*, 736 F.3d 787, 793-94 (9th Cir. 2013) (Under the modified categorical approach, where "the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count."). We reject Macias-Garcia's contention that the BIA was required to apply a presumption of prejudice.

Contrary to Macias-Garcia's contention, the BIA did not find that his testimony in support of his application for cancellation of removal independently established his removability for a controlled substance offense.

In light of these determinations, we need not, and the BIA was not required to, address Macias-Garcia's contentions regarding equitable tolling of the filing deadline. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**