**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN MOZO ROLDAN,<br><br>  Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>  Respondent. | No.   16-73681<br><br>Agency No. A077-212-710<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:      WALLACE, CANBY, and TASHIMA, Circuit Judges.

Juan Mozo Roldan, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his motion to terminate removal

proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo

questions of law, including whether a petitioner was convicted of an offense

---

   [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

relating to a controlled substance. *Cabantac v. Holder*, 736 F.3d 787, 792 (9th Cir. 2013). We deny in part and dismiss in part the petition for review.

The agency properly denied Roldan's motion to terminate, where he is removable due to his conviction for an offense related to a controlled substance. *See* 8 U.S.C. § 1227(a)(2)(B)(i). The plea agreement and judgment minutes, read in conjunction with the complaint, show Roldan's conviction for possession of a controlled substance under California Health and Safety Code ("CHSC") § 11377(a) involved methamphetamine. *See Coronado v. Holder*, 759 F.3d 977, 984-85 (9th Cir. 2014) (holding that CHSC § 11377(a) is divisible and subject to the modified categorical approach); *United States v. Martinez-Lopez*, 864 F.3d 1034, (9th Cir. 2017) (en banc) (on revisited analysis in light of intervening Supreme Court precedent, holding that a similar California controlled substance statute is divisible with respect to the listed substances); *Cabantac*, 736 F.3d at 793-94 (Under the modified categorical approach, where "the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count."); 21 U.S.C. § 812(c) sched. III(a)(3) (methamphetamine is a controlled substance under the Controlled Substances Act); *United States v. Torre-Jimenez*, 771 F.3d 1163, 1169 (9th Cir. 2014) (the phrase "as charged in the Information (or Indictment)" is not necessary where the documents are unambiguous).

16-73681

We lack jurisdiction to review Roldan's unexhausted contentions regarding the applicability of *Mellouli v. Lynch*, 135 S. Ct. 1980 (2015), that he pleaded to an amended charge or that his charge may have been amended, that the state court did not specify a controlled substance in his charging documents, or that he admitted to the allegations and conceded the charge of removability in the notice to appear. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**