NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| **JULIO CESAR ELISEA-LUA,** | No. 22-1005 |
| **Petitioner,** | Agency No. A095-111-024 |
| v. | |
| **MERRICK B. GARLAND, Attorney General,** | MEMORANDUM[*] |
| **Respondent.** | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2023[**]
Pasadena, California

Before: BYBEE, BENNETT, and MENDOZA, Circuit Judges.

Petitioner Julio Cesar Elisea-Lua petitions for review of a Board of

Immigration Appeals (BIA) order affirming and adopting the decision of the

immigration judge (IJ) finding Elisea-Lua removable and denying his application

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed R. App. P. 34(a)(2).

for protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review the legal conclusions of the IJ and the BIA de novo, *Gutierrez v. Holder*, 662 F.3d 1083, 1086 (9th Cir. 2011), and their factual findings for substantial evidence, *Lalayan v. Garland*, 4 F.4th 822, 826 (9th Cir. 2021). We deny the petition.

1. Elisea-Lua first argues that the immigration court that originally ordered his removal lacked jurisdiction because the Notice to Appear that commenced removal proceedings did not list the date and place of those proceedings. He did not raise this argument at any time before the BIA. Accordingly, he has failed to exhaust administrative remedies on this issue as required by the Immigration and Nationality Act. 8 U.S.C. § 1252(d)(1). We will therefore not consider this contention, though we note that we have squarely rejected it in the past. *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 755 (2023).

2. Next, Elisea-Lua challenges the finding of the IJ that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having been convicted of an aggravated felony. This challenge, too, is foreclosed by our precedents. We have held that conviction under California Health & Safety Code § 11351 constitutes an aggravated felony. *Lopez v. Sessions*, 901 F.3d 1071, 1075 (9th Cir. 2018).

2

We find Elisea-Lua's argument that this conclusion conflicts with Supreme Court precedent without merit. We cannot depart from Ninth Circuit precedent unless there is "intervening higher authority" that is "clearly irreconcilable with . . . prior circuit authority." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc). As an initial matter, Elisea-Lua cites no *intervening* higher authority, because the Supreme Court case on which he relies, *Descamps v. United States*, 570 U.S. 254 (2013), was decided five years before we decided *Lopez*. Furthermore, far from being irreconcilable with the Supreme Court's decision in *Descamps*, *Lopez* relies on case law that explicitly applies *Descamps*. *See Lopez*, 901 F.3d at 1075 (citing *United States v. Torre-Jimenez*, 771 F.3d 1163, 1167 (9th Cir. 2014)). We therefore conclude that the holding of *Lopez*—that a conviction under California Health & Safety Code § 11351 constitutes an aggravated felony when, as here, application of the modified categorical approach establishes that such conviction encompasses all the elements of a felony punishable under the Controlled Substances Act—controls the outcome of this case. Elisea-Lua is therefore removable as charged.

3. Elisea-Lua also contends that the IJ deprived him of a fair hearing in violation of due process when he denied the motion of William Baker to withdraw as Elisea-Lua's counsel. Baker moved to withdraw after some difficulty in

3

communicating with Elisea-Lua. When questioned by the IJ, Baker expressed his frustration that Elisea-Lua was apparently implying that Baker was lying about their communications. Notwithstanding the tension, Elisea-Lua requested that the IJ deny Baker's withdrawal motion, and Baker admitted that he could represent Elisea-Lua. The IJ accordingly denied the motion to withdraw.

We will grant a petition for review "on due process grounds if (1) the proceeding was so fundamentally unfair that the [noncitizen] was prevented from reasonably presenting his case, and (2) the [noncitizen] demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (quotation marks and citations omitted).

Even assuming but not deciding that Elisea-Lua showed the IJ's denial of Baker's withdrawal motion prevented him from reasonably presenting his case, Elisea-Lua has not shown prejudice. He has not argued, much less shown, that the IJ's disposition of his case may have differed had Baker's motion to withdraw been granted. *Id.* Because Elisea-Lua did not demonstrate prejudice, Elisea-Lua's due process challenge fails.

4. Finally, Elisea-Lua argues that the IJ erred in the findings relevant to his claim for protection under the CAT. The IJ determined that Elisea-Lua was not a credible witness based on significant inconsistencies and omissions in his

4

testimony. He also found that Elisea-Lua was not likely to be tortured if removed to Mexico and therefore did not qualify for CAT protection.

These factual findings were supported by substantial evidence in the record. The IJ's adverse credibility finding was based on permissible factors, including inconsistencies and omissions in Elisea-Lua's testimony and his demeanor. *See Tamang v. Holder*, 598 F.3d 1083, 1093 (9th Cir. 2010). His ruling that Elisea-Lua was not entitled to protection under the CAT correctly acknowledged that generalized evidence of violence and corruption in the removal state are insufficient to establish a likelihood of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). Elisea-Lua has thus not shown that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). He therefore has no claim to protection under the CAT.

**PETITION DENIED.**