NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| SELESTINO GONZALEZ PARRA, | ) | No. 13-71493 |
| | ) | |
| Petitioner, | ) | Agency No. A075-696-136 |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| LORETTA E. LYNCH, Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

Selestino Gonzalez Parra, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) decision upholding the

Immigration Judge's (IJ) order of removal based upon Parra's engaging in alien

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

smuggling. *See* 8 U.S.C. § 1182(a)(6)(E)(i). We deny the petition.

(1)    Parra asserts that the BIA erred when it upheld the IJ's refusal to suppress Parra's statements in which he essentially admitted to alien smuggling. He claims that suppression was required because the Customs and Border Protection officers who took his statements did not advise him of his rights pursuant to 8 C.F.R. § 287.3(c). We disagree. At the time Parra gave his statements, he had not yet been "'placed in formal proceedings,'" because no Notice to Appear had been filed in the immigration court. *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901 (9th Cir. 2009); *see also* 8 C.F.R. §§ 287.3(c), 1239.1(a); *Matter of E-R-M-F-*, 25 I. & N. Dec. 580, 583 (B.I.A. 2011). Thus, the BIA did not err when it denied the requested relief. *See Samayoa-Martinez*, 558 F.3d at 901–02;[1] *see also Matter of E-R-M-F-*, 25 I. & N. Dec. at 583.

Similarly, Parra argues that the BIA erred when it failed to suppress his statements on the basis that he was not read *Miranda*[2] warnings before he was questioned. However, because immigration proceedings are civil in nature,

---

[1]To the extent that Parra suggests that we should overrule our prior decision, this panel, of course, cannot do so. *See United States v. de la Torre-Jimenez*, 771 F.3d 1163, 1167 (9th Cir. 2014); *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

[2]*Miranda v. Arizona*, 384 U.S. 436, 444–45, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694 (1966).

2

questioning for purposes of those proceedings need not be preceded by *Miranda* warnings. *See United States v. Salgado*, 292 F.3d 1169, 1172–73 (9th Cir. 2002); *United States v. Solano-Godines*, 120 F.3d 957, 960–61 (9th Cir. 1997).

In the same vein, Parra asserts that his statements should have been suppressed because they were not given voluntarily. The mere fact that he was held for a period before he made his statements did not suffice to show coercion. *See Gonzaga-Ortega v. Holder*, 736 F.3d 795, 799–800, 804 (9th Cir. 2013). He points to no other evidence that supports suppression. The evidence did not compel a conclusion contrary to the BIA's decision. *See Samayoa-Martinez*, 558 F.3d at 902; *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1, 112 S. Ct. 812, 815 & n.1, 117 L. Ed. 2d 38 (1992).

In fine, the BIA did not err when it denied suppression of the statements.[3]

(2)    Parra finally asserts that the BIA erred when it denied withholding of removal[4] on the basis that he had not shown that "Americanized Mexicans"

---

[3]We note that the BIA did not improperly rely upon the I-213 report in reaching its conclusions. *See Espinoza v. INS*, 45 F.3d 308, 310 (9th Cir. 1995).

[4]8 U.S.C. § 1231(b)(3)(A).

constituted a particular social group,[5] within the meaning of the law.  However, we have held that Americanized Mexicans do not constitute a "particular social group."  *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam). Nothing in the record of this case suggests, much less compels, a contrary conclusion.

Petition DENIED.

---

[5]*Id.*; *see also* 8 C.F.R. § 1208.16(b).