NOT FOR PUBLICATION

NOV 23 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| FLORENCIO GONZALEZ VARELA, | ) ) ) | No. 12-71263 |
| Petitioner, | ) ) ) | Agency No. A075-585-288 |
| v. | ) ) | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | ) ) ) ) | |
| Respondent. | ) ) ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

Florencio Gonzalez Varela, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) decision upholding the

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Immigration Judge's (IJ) order of removal based upon Gonzalez's engaging in alien smuggling. *See* 8 U.S.C. § 1182(a)(6)(E)(i). We deny the petition.

(1)     Gonzalez asserts that the BIA erred when it upheld the IJ's refusal to suppress Gonzalez's statement in which he essentially admitted to alien smuggling. He claims that suppression was required because the Customs and Border Protection officers who took his statement did not advise him of his rights pursuant to 8 C.F.R. § 287.3(c). We disagree. At the time Gonzalez gave his statement, he had not yet been "'placed in formal proceedings,'" because no Notice to Appear had been filed in the immigration court. *Samayoa-Martinez v. Holder*, 558 F.3d 897, 901 (9th Cir. 2009); *see also* 8 C.F.R. §§ 287.3(c), 1239.1(a); *Matter of E-R-M-F-*, 25 I. & N. Dec. 580, 583 (B.I.A. 2011). Thus, the BIA did not err when it denied the requested relief. *See Samayoa-Martinez*, 558 F.3d at 901–02;[1] *see also Matter of E-R-M-F-*, 25 I. & N. Dec. at 583.

(2)     Gonzalez then asserts that the BIA erred in denying relief because the record shows that his statements were not voluntary. Again, we disagree. While it is true that coerced, involuntary statements should be suppressed, the record does

---

[1]To the extent that Gonzalez suggests that we should overrule our prior decision, this panel, of course, cannot do so. *See United States v. de la Torre-Jimenez*, 771 F.3d 1163, 1167 (9th Cir. 2014); *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc). Moreover, we decline to call for a vote that this case be heard en banc.

not compel, or even support, a finding that Gonzalez's statements were coerced. *See Gonzaga-Ortega v. Holder*, 736 F.3d 795, 804 (9th Cir. 2012); *Samayoa-Martinez*, 558 F.3d at 902; *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1, 112 S. Ct. 812, 815 & n.1, 117 L. Ed. 2d 38 (1992); *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014).

(3)   We also reject Gonzalez's claim that his hearing was fundamentally unfair[2] because the government did not timely file evidentiary disclosures; once the evidence was disclosed he was given a long continuance so that he could review and respond to it.[3]   Moreover, we will not consider issues that were not properly before the BIA on remand,[4] or late disclosure issues that were mentioned in passing, but not actually briefed in Gonzalez's opening brief,[5] or issues that were

---

[2]*See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 823 (9th Cir. 2003).

[3]*Id.* at 823–24; *see also Ramirez-Alejandre v. Ashcroft*, 320 F.3d 858, 875 (9th Cir. 2003) (en banc).

[4]*See Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172–73 (9th Cir. 2006); *see also Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).  For example, the issue concerning the inconsistencies in the smuggled alien's name was not properly before the BIA and, therefore, was not considered by it—it remains unexhausted.

[5]*See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).  In any event, the long continuance would have cured any problem caused by late disclosures.

raised for the first time in his reply brief.[6]

       Petition DENIED.

---

[6]*See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).