**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee*,

v.

DALADIER MURILLO-ALVARADO,
AKA Domingo Arredondo, AKA
Daladier Murillo, AKA Daladier
Alvarado Murillo,
  *Defendant-Appellant.*

No. 14-50354

D.C. No.
5:14-cr-00014-
VAP-1

OPINION

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted July 8, 2016[*]
Pasadena, California

Filed December 4, 2017

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: Richard R. Clifton, Michelle T. Friedland, Circuit Judges, and Edward M. Chen,[**] District Judge.

Opinion by Judge Clifton

---

### SUMMARY[***]

---

### Criminal Law

Affirming a sentence, the panel held that section 11351 of the California Health and Safety Code (possession or purchase for sale of designated controlled substance) is divisible –as discussed in *Mathis v. United States*, 136 S. Ct. 2243 (2016) –as to its controlled substance requirement, such that a conviction under that statute may, applying the modified categorical approach, be held to be a drug trafficking offense under the United States Sentencing Guidelines.

Applying the modified categorical approach, the panel held that the government established, through judicially noticeable documents, that the defendant's § 11351 conviction was for a substance, cocaine, that was a controlled substance under federal law, and that the district court therefore properly applied a 16-level enhancement pursuant to USSG § 2L1.2(b)(1)(A) (2014) (amended 2016).

---

[**] The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

James H. Locklin, Deputy Federal Public Defender; Hilary L. Potashner, Federal Public Defender; Office of the Federal Public Defender, Los Angeles, California.

Abigail W. Evans, Assistant United States Attorney; Lawrence S. Middleton, Chief, Criminal Division; United States Attorney's Office, Riverside, California; for Plaintiff-Appellee.

**OPINION**

CLIFTON, Circuit Judge:

The primary question presented by this appeal is whether section 11351 of the California Health and Safety Code ("Possession or purchase for sale of designated controlled substances") is a divisible statute, as discussed in *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016), such that a conviction under that statute may be held to be a drug trafficking offense under the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines"), applying the modified categorical approach. We previously held that section 11351 is divisible with regard to its controlled substance requirement. *United States v. Torre-Jimenez*, 771 F.3d 1163, 1167 (9th Cir. 2014). In *Guevara v. United States*, 136 S. Ct. 2542 (2016), however, the Supreme Court vacated and remanded a decision by this court, relying on that precedent, that section 11351 is divisible, directing us to reconsider the issue in light of *Mathis*.

In *United States v. Martinez-Lopez*, 864 F.3d 1034 (9th Cir. 2017) (en banc), we held that section 11352 of the California Health and Safety Code ("Transportation, sale, giving away, etc. of designated controlled substances"), a very similar statute, is divisible under *Mathis*. *Id.* at 1039–41. Based on the same reasoning we applied in that decision, we conclude that section 11351 is similarly divisible. Because the government established that Murillo-Alvarado was previously convicted of possessing cocaine for sale, which qualifies as a drug trafficking offense under the Sentencing Guidelines, we affirm.

## I.   Background

In 2001, Defendant-Appellant Daladier Murillo-Alvarado was convicted of a violation of section 11351. Specifically, in count 1 of a criminal information, he was charged with "violation of Section 11351 of the [California] Health and Safety Code (POSSESSION FOR SALE OF A CONTROLLED SUBSTANCE), a FELONY." Count 1 specified that "[o]n or about May 29, 2001, [Murillo-Alvarado] . . . did willfully and unlawfully possess for sale and purchase for sale a controlled substance, to wit, COCAINE." Murillo-Alvarado pled guilty to count 1.

Murillo-Alvarado was later deported but then returned to the United States without authorization. In 2013, immigration authorities found Murillo-Alvarado in California. He was indicted on a charge of illegal reentry in violation of 8 U.S.C. § 1326. The indictment also charged that he had been previously convicted for the violation of section 11351 described above. Murillo-Alvarado pled guilty to the charge of illegal reentry, without a plea agreement.

The district court sentenced Murillo-Alvarado to imprisonment for 60 months. In determining the sentence, the district court concluded, over objection by Murillo-Alvarado, that his prior conviction under section 11351 was for a "drug trafficking offense," which increased his offense level by 16 levels pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (U.S. Sentencing Comm'n 2014) (amended 2016).

Murillo-Alvarado timely appealed.

## II. Discussion

At the time that Murillo-Alvarado was sentenced, the Sentencing Guidelines provided for sentence enhancements when a defendant had previously been convicted of various predicate offenses under federal, state, or local law, including a "drug trafficking offense." *See, e.g.*, USSG § 2L1.2(b)(1)(A). The Sentencing Guidelines define a "drug trafficking offense" to be:

> an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Id.* § 2L1.2, Application Notes (1)(B)(iv).

Section 11351 specifies punishment for "every person who possesses for sale or purchases for purposes of sale . . .

any controlled substance" specified in a list of cross-referenced code provisions. Cal. Health & Safety Code § 11351.[1] To be covered under the section, the involved substance must be one of the substances on one of the cross-referenced lists.

We apply a three-step analysis to determine whether a prior conviction under state law qualifies as a predicate drug trafficking offense under the Sentencing Guidelines. First, we ask whether the state law is a categorical match with a federal drug trafficking offense. *See Taylor v. United States*, 495 U.S. 575, 599–600 (1990). At this step, we look only to the "statutory definitions" of the corresponding offenses. *Id.* at 600. If a state law "proscribes the same amount of or less conduct than" that qualifying as a federal drug trafficking offense, then the two offenses are a categorical match. *United States v. Hernandez*, 769 F.3d 1059, 1062 (9th Cir. 2014). In that scenario, a conviction under state law automatically qualifies as a predicate drug trafficking offense, ending our analysis. *See Taylor*, 495 U.S. at 599.

---

[1] Section 11351 reads, in full:

> Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale (1) any controlled substance specified in subdivision (b), (c), or (e) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for two, three, or four years.

Second, if the state law is not a categorical match, we ask whether the statute of prior conviction is divisible. *Mathis*, 136 S. Ct. at 2249. A statute is divisible when it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Id.*

If the statute of prior conviction is divisible, the third step is to determine whether the conviction is a match to the federal drug trafficking offense under the modified categorical approach. At this step, we examine judicially noticeable documents of conviction "to determine which statutory phrase was the basis for the conviction." *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013) (quoting *Johnson v. United States*, 559 U.S. 133, 144 (2010)). In this case, the question would be whether the conviction of Murillo-Alvarado involved a substance that appeared on the federal list of controlled substances. If so, the prior conviction may serve as a predicate offense under the Sentencing Guidelines. *See Shepard v. United States*, 544 U.S. 13, 16 (2005).

## A.  The Divisibility of Section 11351

The parties do not dispute that in this case the state law at issue, section 11351, is not a categorical match with a federal drug trafficking offense. We have already held that section 11351 is not a categorical match with a federal drug trafficking offense because California's list of controlled substances includes some that are not on the federal list. *United States v. Leal-Vega*, 680 F.3d 1160, 1162 (9th Cir. 2012). Thus, our focus here is whether, at step two of the analysis, section 11351 is a divisible statute.

A statute is not divisible when it "contains . . . alternative means by which a defendant might commit the same crime." *Martinez-Lopez*, 864 F.3d at 1039 (citing *Mathis*, 136 S. Ct. at 2256). A statute is divisible when it "list[s] elements in the alternative, and thereby define[s] multiple crimes." *Mathis*, 136 S. Ct. at 2249. We review the divisibility of a statute de novo. *Almanza-Arenas v. Lynch*, 815 F.3d 469, 477 (9th Cir. 2016) (en banc).

Murillo-Alvarado argues that the controlled substance requirement in section 11351 is not divisible because the controlled substances enumerated in the cross-referenced statutes are means by which a defendant commits a singular controlled-substance offense, not elements of separate crimes.[2] In its supplemental brief, the Government contends that *Martinez-Lopez* requires us to hold that those controlled substances are elements, and that the controlled substance requirement is therefore divisible.

We addressed a very similar question in our recent en banc opinion in *Martinez-Lopez*, in which we held that California Health and Safety Code section 11352 was divisible. *See Martinez-Lopez*, 864 F.3d at 1039–41. Section 11352 contains a list of cross-referenced substances nearly identical to the list in section 11351. The list in section 11351 differs from the list in section 11352 only in that section 11352 includes cocaine base and section 11351 does not.

---

[2] Murillo-Alvarado has not argued that the actus reus requirement in section 11351 is not divisible. Therefore, any such argument is waived. *See Miller v. Fairchild Indus.*, 797 F.2d 727, 738 (9th Cir. 1986) (noting that this court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief") (citing *Int'l Union of Bricklayers and Allied Craftsmen Local No. 20 v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985)).

*Compare* Cal. Health & Safety Code § 11351 *with id.* § 11352(a) (listing the same subsections and subparagraphs, with one addition, subparagraph (f)(1) of Section 11054); *see id.* § 11054(f)(1) (cocaine base). Thus, the list in section 11351 is just a subset of the list in section 11352.

Our reasoning in *Martinez-Lopez* guides us here.[3] In *Martinez-Lopez*, we noted that *In re Adams*, 536 P.2d 473 (Cal. 1975), and its progeny establish that "defendants are routinely subjected to multiple convictions under a single [California] statute for a single act as it relates to multiple controlled substances." *Martinez-Lopez*, 864 F.3d at 1040. Relevantly here, in *People v. Monarrez*, 78 Cal. Rptr. 2d 247 (Ct. App. 1998), the California court of appeal upheld separate convictions for possession of cocaine for sale and possession of heroin for sale under section 11351 based on a single incident. *Id.* at 248. This holding establishes that the controlled substances incorporated in section 11351 are elements establishing separate offenses and not means by which to commit the same offense.

Further, similar to section 11352, the jury instructions for section 11351 "require a jury to fill in a blank identifying 'a controlled substance'—i.e., only one—demonstrating that the

---

[3] Indeed, our opinion in that case referred to the Supreme Court's remand of *Guevara*, a case which involved a prior conviction under section 11351, and stated that "we respond to the Supreme Court's instruction by revisiting the entire line of cases." *Martinez-Lopez*, 864 F.3d at 1036 n.1. We have already relied on *Martinez-Lopez* to hold that two other sections of the California Health and Safety Code are divisible with respect to their controlled substance requirements. *See United States v. Ocampo-Estrada*, 873 F.3d 661, 668 (9th Cir. 2017) (Cal. Health & Safety Code § 11378); *United States v. Barragan*, 871 F.3d 689, 715 (9th Cir. 2017) (Cal. Health & Safety Code § 11379).

jury identify and unanimously agree on a particular controlled substance." *Martinez-Lopez*, 864 F.3d at 1041; *see* Judicial Council of California Criminal Jury Instructions CALCRIM No. 2302 (2017 edition). The jury instructions thus treat the particular controlled substance as an element, not a means.

In light of how it is interpreted by California courts, we hold that section 11351—like section 11352—is divisible as to its controlled substance requirement.

### B.  *Application of the Modified Categorical Approach*

Because section 11351 is a divisible statute, we now turn to step three, in which we examine judicially noticeable documents of prior conviction to determine whether it is clear which statutory phrase was the basis for the conviction. If the defendant pled or was found guilty of the elements constituting a federal drug trafficking offense, the prior state conviction may serve as a predicate offense under the Sentencing Guidelines.

Murillo-Alvarado argues that, at step three, the government failed to meet its burden to prove by clear and convincing evidence that Murillo-Alvarado's prior conviction was a "drug trafficking offense." *See United States v. Valdavinos-Torres*, 704 F. 3d 679, 691 (9th Cir. 2012). "We review de novo the classification of a defendant's prior conviction for purposes of applying the Sentencing Guidelines." *United States v. Coronado*, 603 F.3d 706, 708 (9th Cir. 2010) (citation omitted).

In this case the question is whether the government established that Murillo-Alvarado's section 11351 conviction was for a substance that was a controlled substance under

federal law. The government presented a certified copy of the guilty plea form which contained a handwritten factual basis in which Murillo-Alvarado admitted that on May 29, 2001, he "possessed cocaine to be used for purposes of sale." The government also provided certified copies of the criminal information, the court's minute order, and the abstract of judgment.

"Where the minute order or other equally reliable document specifies that a defendant pleaded guilty to a particular count of a criminal complaint, the court may consider the facts alleged in the complaint." *Coronado v. Holder*, 759 F.3d 977, 986 (9th Cir. 2014) (citation omitted). Here, the government provided reliable documents that clearly specified that Murillo-Alvarado pled guilty to count 1 of the criminal information. The guilty plea form stated that Murillo-Alvarado pled guilty to count "1 of the information." The form further specified that count 1 was for a violation of "H&S 11351." Likewise, the court's minute order reflected that Murillo-Alvarado pled guilty to "11351 HS as charged in count 1" of the "[o]riginal information." The abstract of judgment stated that Murillo-Alvarado pled guilty to count "1A" for violating "HS" "11351." All of these sources indicated a plea date of December 7, 2001, and they all referred only to a single count. Count 1 of the information charged that, on May 29, 2001, Murillo-Alvarado "possess[ed] for sale and purchase[d] for sale a controlled substance, to wit, COCAINE." Thus, these documents conclusively established that Murillo-Alvarado pled guilty to a May 29, 2001 offense involving the possession of cocaine for purposes of sale. It is undisputed that cocaine was and is a controlled substance under federal law.

Murillo-Alvarado argues that the abstract of judgment created doubt about the plea because it referenced a plea to count "1A" rather than count "1." He cites *Medina-Lara v. Holder*, 771 F.3d 1106, 1113–15 (9th Cir. 2014), where we held that the record was insufficient to establish that the plea was to the offense originally charged. In that case the government presented only two documents to meet its burden: (1) an amended complaint alleging in count "003" that the defendant possessed cocaine for sale, and (2) an abstract of judgment reflecting that the defendant pled guilty to count "3A," without identifying the controlled substance involved. *Id.* at 1113–14. The immigration judge and government attorney openly speculated that the original charge had been amended, but the government failed to produce additional documents to clarify the record. *Id*. at 1114, 1118. "Against this backdrop, we [were] hard-pressed to say that there [was] a 'clear and convincing' link between the '3A' in the abstract and the '3' in the amended complaint." *Id*. at 1115. In reaching that result, however, we acknowledged other cases where the record clearly reflected that the plea was to a particular count "as charged in the information." *Id*. at 1113 (quoting *United States v. Vidal*, 504 F.3d 1072, 1087 (9th Cir. 2007) (en banc)).

This case is different because the district court here had a more substantial record. The court had a handwritten factual basis on the guilty plea form in which Murillo-Alvarado admitted that on May 29, 2001, he possessed cocaine to be used for purposes of sale. The guilty plea form and the minute order both clearly indicated that Murillo-Alvarado was pleading guilty to count 1 as charged in the information. Count 1 was the only count, and it expressly charged Murillo-Alvarado with possessing cocaine for sale. Taken together, the documents demonstrated that Murillo-Alvarado pled

guilty to possession of cocaine for sale, a drug trafficking offense supporting the 16-level sentencing enhancement. The reference to "1A" in the abstract of judgment does not, standing alone, nullify those admissions or create sufficient ambiguity.

## III.    Conclusion

California Health and Safety Code section 11351 is divisible as to its controlled substance requirement. Murillo-Alvarado's specific conviction involving cocaine under section 11351 qualifies as a drug trafficking offense for purposes of the Sentencing Guidelines. The trial court properly applied a 16-level enhancement in its Sentencing Guidelines calculation.

**AFFIRMED.**