**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-10055 |
| Plaintiff-Appellee, | D.C. No. 4:13-cr-00085-JD-1 |
| v. | |
| REUBEN EARL HAYES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted February 13, 2017
San Francisco, California

Before:  CANBY, SILER,[**] and HURWITZ, Circuit Judges.

Reuben Earl Hayes ("Hayes") appeals his convictions for (1) being a felon

in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g); (2)

possession with intent to distribute crack cocaine in violation of 21 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

841(a)(1); (3) possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1); and (4) carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c). Hayes also appeals the district court's prison sentence of 220 months. We affirm.

1. The district court did not commit plain error by allowing Officer Chris Moreno's lay testimony. *See United States v. Lloyd*, 807 F.3d 1128, 1152 (9th Cir. 2015) (providing that this court "review[s] testimony elicited without objection for plain error"). Officer Moreno's lay testimony, which occurred after a recess in the proceedings, was "clearly separate[d]" from his expert testimony. *United States v. Torralba-Mendia*, 784 F.3d 652, 658 (9th Cir. 2015). The district court instructed the jury that Officer Moreno's lay opinion was "not the subject of expert testimony" and delineated Officer Moreno's "dual roles" as an expert and lay witness. *See Torralba-Mendia*, 784 F.3d at 658; *United States v. Freeman*, 498 F.3d 893, 904 (9th Cir. 2007).

2. There was sufficient evidence to support Hayes' conviction for possessing a firearm in furtherance of a drug trafficking crime. The facts establish a requisite nexus between (1) the firearm discovered on the floorboard of the front driver's seat of Hayes' vehicle and (2) the drug trafficking crimes for which Hayes

was convicted—possession with intent to distribute crack cocaine and heroin. *See United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir. 2006). The handgun along with matching loose cartridges located on the front passenger floorboard of the vehicle were "easily accessible" to Hayes, who was in the driver's seat. *Id.* at 1013 (internal question marks and citation omitted). The firearm, loose cartridges, drugs, and drug paraphernalia were sufficiently proximate to one another. *See United States v. Hector*, 474 F.3d 1150, 1157–58 (9th Cir. 2007).

3. The district court properly applied the career offender enhancement prescribed by the Sentencing Guidelines. *See* U.S.S.G. § 4B1.1(a). Hayes' 2006 conviction for possession for sale of cocaine under California Health and Safety Code § 11351 qualifies as a "controlled substance offense." *See* 21 U.S.C. § 812(c), sched. II(a)(4); U.S.S.G. § 4B1.1(a). It is now clearly established that Section 11351 is a divisible statute, amenable to analysis under the modified categorical approach. *United States v. Murillo-Alvarado*, 876 F.3d 1022, 1025 (9th Cir. 2017). Applying that approach, we conclude that the complaint, information, abstract of judgment, clerk's minute order, and plea colloquy collectively demonstrate that Hayes' § 11351 conviction corresponds to possession for sale of cocaine, a controlled substance offense. *See United States v. Leal-Vega*, 680 F.3d 1160, 1168 (9th Cir. 2012); *see also* 21 U.S.C. § 812(c), sched. II(a)(4).

**AFFIRMED.**