NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50489 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00084-SVW |
| v. | |
| ELIAZAR BARRAZA, a.k.a. Eliazar Molina Barraza, a.k.a. Elizor Molina Barraza, a.k.a. Eliazar Barraza-Molina, a.k.a. Eliazar Barraza Molina, a.k.a. Iliazar Barraza Molina, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted January 16, 2018[**]

Before:    REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Eliazar Barraza appeals from the district court's judgment and challenges his

guilty-plea conviction and 72-month sentence for being an illegal alien found in

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barraza first contends that the district court should have granted his motion to dismiss the indictment because California Health & Safety Code sections 11351 and 11377(a)—the statutes under which Barraza was convicted in 2008, leading to his initial removal from the United States—are not divisible. Our recent decisions in *United States v. Martinez-Lopez*, 864 F.3d 1034 (9th Cir. 2017) (en banc), and *United States v. Murillo-Alvarado*, 876 F.3d 1022 (9th Cir. 2017), foreclose Barraza's contention that section 11351 is indivisible. Barraza does not contend that his removal order was invalid even if section 11351 is divisible, *see* 8 U.S.C. §§ 1227(a)(2)(A)(iii), (a)(2)(B)(i); therefore, we need not reach his remaining contentions regarding the district court's denial of his motion to dismiss the indictment.

Barraza next contends that his sentence is substantively unreasonable. The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Barraza's recent and extensive criminal history. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108-09 (9th Cir. 2010).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand to the district court with the instruction that it delete

2                                    14-50489

from the judgment the reference to 8 U.S.C. § 1326(b)(2).

**AFFIRMED; REMANDED to correct the judgment.**