**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| PETRONA DE LOS ANGELES BARRIENTOS,<br><br>              Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>              Respondent. | No.   15-70544<br><br>Agency No. A070-664-909<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018[**]

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Petrona De Los Angeles Barrientos, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, Convention Against Torture ("CAT") relief, and special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence the agency's factual findings. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The agency correctly determined that Barrientos' conviction under California Health and Safety Code § 11351, for possession for sale of cocaine, is a drug trafficking aggravated felony under 8 U.S.C. § 1101(a)(43)(B), rendering her ineligible for asylum and NACARA cancellation. 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i); 8 C.F.R. § 1240.61(b); *see Cabantac v. Holder,* 736 F.3d 787, 790 (9th Cir. 2013) (where "the abstract of judgment or minute order specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count" (internal quotation marks and citation omitted)); *United States v. Murillo-Alvarado*, 876 F.3d 1022, 1027-28 (9th Cir. 2017) (Section 11351 is divisible as to its controlled substance requirement). The criminal complaint, change of plea transcript, and change of plea minute order, read in conjunction, establishes that the substance at issue was cocaine.

Substantial evidence supports the BIA's conclusion that Barrientos failed to establish she would be persecuted on account of a protected ground. *See Zetino*,

622 F.3d at 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, in the absence of a nexus to a protected ground, petitioner's withholding of removal claim fails. *See id*. Because this determination is dispositive as to Barrientos' eligibility for withholding of removal, we do not reach her contentions regarding changed country conditions. *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Substantial evidence also supports the BIA's denial of CAT relief because Barrientos failed to show it is more likely than not that she would be tortured by the government of El Salvador, or with its consent or acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014).

Because the BIA conducted a de novo review of the IJ's findings, we do not consider Barrientos' challenges to alleged errors in the IJ's decision. *See Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1061 (9th Cir. 2008).

We lack jurisdiction to consider Barrientos' unexhausted contentions regarding a family based social group. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**