**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN CRAIN, | No. 17-15116 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00406-JAD-PAL |
| v. | |
| STATE OF NEVADA and MICHAEL VANDYKE, Parole Officer, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted May 15, 2018[**]
San Francisco, California

Before: WALLACE and N.R. SMITH, Circuit Judges, and BATTS,[***] District Judge.

Crain appeals from the dismissal of his section 1983 claims for unlawful

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Deborah A. Batts, United States District Judge for the Southern District of New York, sitting by designation.

arrest and malicious prosecution in violation of his Fourth Amendment rights, and the dismissal of his Nevada claim for malicious prosecution. Crain has waived any challenge to the dismissal of his Nevada claims for false imprisonment and intentional infliction of emotional distress by failing to brief the issues on appeal. *United States v. Murillo-Alvarado*, 876 F.3d 1022, 1026 n.2 (9th Cir. 2017).

1. The district court properly dismissed Crain's section 1983 claim for unlawful arrest because documents in the record contradict his allegation that Officer VanDyke made a deliberate falsehood or omission in obtaining the arrest warrant. *See Chism v. Washington State*, 661 F.3d 380, 386 (9th Cir. 2011). The district court properly took judicial notice of the documents because they included both public records and documents necessarily relied on by the complaint. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Crain does not dispute the contents or authenticity of the documents. *See Skilstaf v. CVS Caremark*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). In addition, Crain has waived any challenge to the taking of judicial notice by failing to brief the issue on appeal. *Murillo-Alvarado*, 876 F.3d at 1026 n.2.

2. The district court properly dismissed Crain's section 1983 and Nevada claims for malicious prosecution. Crain has failed to rebut the presumption that the prosecutor exercised independent judgment because, as discussed above, he has not shown that Officer VanDyke presented the prosecutor with information known

to be false. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007). Nor has he shown that Officer VanDyke pressured the prosecutor or caused the prosecutor to act contrary to the prosecutor's independent judgment. *Id.*; *M & R Inv. Co. v. Mandarino*, 748 P.2d 488, 494 (Nev. 1987).

**3.** The district court did not abuse its discretion in denying Crain a third opportunity to amend his complaint. *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). Because the judicially noticed documents show Officer VanDyke did not violate Crain's constitutional rights in filing the challenged affidavit, any amendment would be futile. *Id.*

**AFFIRMED.**