NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALFREDO SOTO VALENCIA, AKA Jose Soto,<br><br>                Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>                Respondent. | No.   16-72416<br><br>Agency No. A094-866-823<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 12, 2018[**]

Before:    LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Jose Alfredo Soto Valencia, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and related relief. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's adverse credibility determination. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

The agency correctly determined Soto Valencia is ineligible for asylum, because his conviction for possession of heroin for sale under California Health and Safety Code § 11351 is an aggravated felony. *See* 8 U.S.C. § 1158(b)(2)(A)(ii), (B)(i) (applicant convicted of an aggravated felony is ineligible for asylum); *Murillo-Alvarado v. Sessions*, 876 F.3d 1022, 1027 (9th Cir. 2017) (§ 11351 is divisible as to its controlled substance requirement and subject to the modified categorical approach).

As to withholding of removal, substantial evidence supports the agency's adverse credibility determination regarding the circumstances surrounding Soto Valencia's conviction. *See Shrestha*, 590 F.3d at 1046-48 (adverse credibility determination supported under the totality of the circumstances). Soto Valencia otherwise waives any challenge to the agency's particularly serious crime determination, and thus his withholding of removal claim fails. *See*

*Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver); 8 U.S.C. § 1231(b)(3)(B) (persons convicted of a particularly serious crime are ineligible for withholding of removal).

We do not reach Soto Valencia's contentions regarding the credibility of his testimony regarding his 2010 removal hearing or his fear of harm in Mexico, because the BIA did not rely on these grounds. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.")

We reject Soto Valencia's unsupported contention that the IJ was not neutral. *See Rivera v. Mukasey*, 508 F.3d 1271, 1276 (9th Cir. 2007) ("[I]f the factual record adequately supports the denial of an alien's application for relief, we cannot find that the alleged bias held by the IJ was the basis for the denial of the application." (internal citation and quotation marks omitted)). In addition, it was within the agency's authority to consider Soto Valencia's testimony at his 2010 removal hearing. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (the agency has the authority to take "administrative notice of . . . the contents of official documents"); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**