NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10491 |
| Plaintiff-Appellee, | D.C. No. 4:14-cr-00556-JD-1 |
| v. | |
| JIBRI OMAR WATKINS, AKA Jabri Knight, AKA Jabri Watkins, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted January 17, 2019[**]
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and ADELMAN,[***]
District Judge.

Jibri Watkins pleaded guilty to two crimes related to a marijuana grow

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Lynn S. Adelman, United States District Judge for the Eastern District of Wisconsin, sitting by designation.

operation in Oakland, pursuant to a plea agreement with the United States. Watkins appeals from his judgment of conviction, arguing that the district court impermissibly participated in plea bargaining. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The only issue on appeal is whether the district court violated Federal Rule of Criminal Procedure 11(c)(1) by holding an *in camera* hearing before Watkins's change of plea. The government argues that we should dismiss Watkins's appeal because his plea agreement waived his right to appeal. But we have held that a Rule 11 violation may be appealed even if the defendant has signed an appellate waiver. *United States v. Myers*, 804 F.3d 1246, 1254 (9th Cir. 2015). We therefore evaluate Watkins's appeal on the merits. We apply plain error review because Watkins did not object contemporaneously, afterwards, or at sentencing. *See id.* at 1257.

Under plain error review, Watkins has not demonstrated prejudice. Watkins brought this appeal to challenge his sentence as a career offender, arguing that *Mathis v. United States*, 136 S. Ct. 2243 (2016), requires us to conclude that one of his predicate offenses is no longer a qualifying offense. But, after all briefing in this appeal was completed, we decided *United States v. Murillo-Alvarado*, which forecloses Watkins's argument. 876 F.3d 1022, 1027 (9th Cir. 2017) ("In light of how it is interpreted by California courts, we hold that section 11351—like section

2

11352—is divisible as to its controlled substance requirement"). Watkins's purpose in appealing is therefore no longer available, and Watkins does not argue that he was prejudiced in any other way.

**AFFIRMED.**