**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 16 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD DULNUAN, | No.    16-71875 |
| Petitioner, | Agency No. A046-015-541 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:      WALLACE, CANBY, and TASHIMA, Circuit Judges.

Richard Dulnuan, a native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying cancellation of removal and ordering him removed.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law, including claims of due process violations.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014).  We deny in part and dismiss in part the petition for review.

As a threshold matter, we grant Dulnuan's motion to withdraw and resubmit his reply brief (Docket Entry No. 36) and have considered the substitute brief.

The BIA properly determined that Dulnuan is removable for having a conviction for an offense related to a controlled substance, where the plea agreement and abstract of judgment, read in conjunction with the complaint, show his 2012 conviction for possession of a controlled substance under California Health and Safety Code § 11377(a) involved methamphetamine.  *See* 8 U.S.C. § 1227(a)(2)(B)(i); *United States v. Torre-Jimenez*, 771 F.3d 1163, 1169 (9th Cir. 2014) (the phrase "as charged in the Information (or Indictment)" is not necessary where the documents are unambiguous; finding that an abstract of judgment that stated defendant was convicted of count 1, and count 1 on the complaint specified the substance involved was cocaine, was sufficient to establish the substance involved).  Because Dulnuan's 2012 conviction establishes he is removable, we do not address his remaining convictions with regard to removability.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

To the extent Dulnuan contends the BIA violated due process in issuing its order before he could file a motion to terminate or additional briefing regarding removability, his claim fails, where the BIA addressed removability and he has not

16-71875

shown it erred in its analysis. Accordingly, Dulnuan cannot show prejudice. *See Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

We do not reach Dulnuan's contentions that his convictions are not aggravated felonies, where the agency did not find him removable nor deny relief on such a determination. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (the court's review is limited to the actual grounds relied upon by the BIA).

To the extent Dulnuan attempts to undermine his criminal convictions, this collateral attack is not properly considered in a petition for review of a BIA decision. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011).

We are not persuaded by Dulnuan's contentions that the IJ did not apply the correct standard or consider some of his positive equities in denying cancellation of removal, that he should have been afforded more time to prepare evidence of his positive equities, or that the IJ otherwise violated due process. Accordingly, he has not raised a colorable claim of legal or constitutional error to invoke our jurisdiction over this discretionary determination. *See Arteaga-DeAlvarez v. Holder*, 704 F.3d 730, 736 (9th Cir. 2012) (a petitioner must present a colorable claim to invoke jurisdiction over a discretionary determination).

We lack jurisdiction to consider Dulnuan's unexhausted contentions that the conviction documents in the record are not accurate, that he was forced into

admitting the allegations and conceding the charge of removability in the notice to appear, and that the agency did not properly apply the burden of proof regarding his removability. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

We do not consider the extra-record evidence submitted with Dulnuan's briefs. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence). We likewise deny Dulnuan's motion to reconsider follow-up evidence (Docket Entry No. 33).

Dulnuan's request for a stay of removal pending review of his petition was previously granted (Docket Entry No. 17). The stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**